# PEDRO PUENTE ET AL.
*v.*
# NICOMEDES MIRANDA.

---

EQUITY—BILL FOR SPECIFIC PERFORMANCE—DEMURRER—ADEQUATE REMEDY AT LAW.

1. When specific performance is asked, courts will weigh with greater nicety contracts as to personalty than those relating to realty.
2. If specific performance is sought as to a chose in action or things of a merely personal nature, it will not be granted if a complete remedy may be had at law by compensation in damages.
3. This suit is not to enforce the specific performance of a contract further than to compel the defendant to execute evidence of it. If the obligation, by virtue of the contract, was not complete, equity will not aid to complete it. If complete, the party has an adequate remedy at law. Whatever rights the complainants have, exist as much without the instrument as with it.

May 18, 1904.

---

*Mr. Charles M. Boerman,* solicitor for complainants.

*Messrs. Pettingill & Leake,* solicitors for defendant.

HOLT, Judge, delivered the following opinion:

On or about August 25th, 1903, one J. A. Merera Colon, the

---

*Specific performance.* As to specific performance of contract for sale of stock in corporation, see editorial note to Ryan v. McLane, 50 L. R. A. 501; as to effect of inability to perform, upon jurisdiction of chancery to decree specific performance, see editorial note to Morgan v. Bell, 16 L. R. A. 614.

Puente v. Miranda.

son-in-law of the defendant, Nicomedes Miranda, was indebted to certain creditors, of whom the complainant firms were two, in the sum total of $1,124. These creditors were about to sue him when the defendant, in consideration that they would not. do so, and of a rebate of 10 per cent upon the debt, agreed to pay 90 per cent of said sum, to wit, $1,011.60, and to execute therefor, in a few days, a public notarial writing or note binding himself to pay same within six months thereafter.

The two complainant firms have become the owners of all of said indebtedness.

The defendant, Nicomedes Miranda, having failed to execute the note, the complainants filed this bill on October 2d, 1903, to compel the execution of it. The defendant has demurred to the bill upon various grounds, and thereby the question is raised whether it is a proper case for a court of chancery to exert its power to compel the specific performance of the agreement.

The question has been ably discussed by counsel, pro and con, and seems to be *res nova* so far as adjudged cases are at hand.

It has been said that a court of chancery will not decree a specific performance of contracts except for the purchase of lands, or matters relating to the realty, or those of a permanent nature; and that where the contract relates to a chattel and compensation can be made in damages, the parties will be left to their remedy at law. But notwithstanding this general rule, many cases may be found where the specific performance of contracts relating to personalty have been enforced in chancery. The distinction seems to be that courts will weigh with greater nicety contracts as to personalty than those which relate to realty.

A court will decree the execution and delivery of a deed with

the requisite covenants according to the contract; also the execution of a mortgage. These are not mere personal contracts, but affect the realty. This remedy is not, however, confined absolutely to contracts not of a personal character. The general rule is not an absolute one. And while the general practice is not to entertain jurisdiction in equity for the specific performance of an agreement as to a chose in action or other thing of a merely personal nature, yet the rule is limited to cases where adequate compensation in damages may be obtained at law. Various cases may be cited to illustrate this. Thus equity will compel an agent to indorse a note where upon the transfer it has been omitted by design, accident, or mistake. 2 Story, Eq. § 729.

It will do this because the title is involved, and passes by virtue of the indorsement. There is no adequate remedy at law in such a case. It is to give the transaction legal effect, and clothe the transferee with the legal title. 1 Story, Eq. § 99, b.

For the like reason it will compel a party to issue certificates of stock. When specific performance is granted relative to personal acts, it should be confined to cases where there is no adequate remedy at law. In such a case, if in conscience the party should comply, if a duty rests upon him to perform,—one which he cannot refuse without manifest wrong,—then he should be compelled to do so. Otherwise there is a wrong and no adequate remedy. But where specific performance is sought as to a chose in action or things of a merely personal nature, it will not be granted if a complete remedy may be had at law by compensation in damages. 2 Story, Eq. § 718.

This suit is not to enforce the specific performance of a contract further than to compel the defendant to execute evidence of it.

If the obligation by virtue of the contract was not complete,

equity will not aid to complete it. If it was complete, no reason is perceived why the party has not an adequate remedy at law. It is not a criterion for specific performance that a writing may be of special advantage to a party. If the contract be valid, it matters not, so far as an adequate remedy is concerned, whether it be in writing or not.

It is true the Civil Code, art. 1279, of Porto Rico, of 1889, as well as its present Civil Code, § 1246, provides that, if the law requires the execution of an instrument to make the obligations of a contract binding, a party may compel the other to comply; but it is not claimed a writing was necessary to make this alleged contract binding, and this local law cannot control the equity practice of a United States court. In fact there is no absolute rule of law for the specific enforcement of contracts. It is not a matter of right in the party, but of sound discretion in the court, according to the circumstances of each particular case, and depending upon whether justice can be fairly and fully otherwise obtained. It is this which gives a court of chancery its jurisdiction to correct mistakes. If, however, one promises for a sufficient consideration to do something, for instance, a personal act,—one not relating to realty or necessary to the transfer of title,—and fails, he can be made to answer adequately in damages by action at law. It will afford him full redress.

No reason is perceived, or any particular circumstances shown to exist, that render this impossible in this case, or even difficult. Whatever right the complainants have upon the defendant as to this claim exists without the note as much as if they had one. As already stated, if the contract be not complete, equity will not aid in its completion; but if it be complete, it can be satisfied by the payment of money. The remedy may be had in an action at law. There is no uncertainty of any calcula-

tion of damages,—they are not even conjectural; and in such a case equity should not extend its hand to give relief by compelling specific performance. Pom. Spec. Perf. § 47.

For the reasons indicated, the demurrer is sustained, and the complainants declining to plead further this cause is dismissed at their cost.